[Civ. No. 6848. Second Appellate District, Division Two.—August 7, 1931.]

THOMAS L. CLAY, Appellant, v. R. M. MARTIN, Respondent.

Thomas L. Clay, *in pro. per.*, L. A. Trevor and Clay & Handy for Appellant.

George M. Pierson and Milan E. Ryan for Respondent.

ARCHBALD, J., *pro tem.*—Defendant Martin was the payee of a promissory note for $3,500 made by his co-defendants, payment of which was thereafter guaranteed in writing by Martin and the same was deposited with the Peoples National Bank of Los Angeles as collateral security for a debt owing by him to the bank. Plaintiff brought suit on

the note and guaranty. Defendant Martin alone was served and the action was apparently dismissed as to his co-defendants. The case was tried before the court, a jury having been waived. From a judgment in favor of said defendants plaintiff has appealed.

The execution of the note and guaranty is admitted by the answer of defendant Martin, which denies, however, that plaintiff is the owner and holder of the note and sets out as separate defenses that the note was given as additional security for a loan then due said bank, which loan was paid. in full, and other facts which tended to charge plaintiff with knowledge of any infirmities in the note.

It is appellant's contention that the third, eighth and ninth findings of the court are not supported by the evidence. Such findings are as follows: "3rd. That it is not true that plaintiff was on the 10th day of June, 1928, the owner and holder of said note, or that he has been so at all times since said date, or that he was the owner or holder at the filing of this action, or at the date of the trial, or at all. . . . 8th. That plaintiff knew all of the facts and circumstances surrounding the giving and acceptance of the said note herein sued upon, and that plaintiff accepted the said note with full knowledge of the purpose for which it was given, and that said plaintiff was not an innocent purchaser for value, or in due course, or a *bona fide* holder at all. 9th. That said note came into the possession of plaintiff at a time long after the same became due and without any valuable consideration."

Plaintiff introduced in evidence what is denominated "General Pledge Agreement (collateral security not described)", proved to have been signed by Martin at the time he gave the bank a note representing his indebtedness to it and deposited some mining stock as collateral security therefor. A year or more thereafter the note sued on here was deposited as collateral security to a renewal note. Plaintiff testified that he could not remember the exact date he first saw such note but that it was in his office in the possession of O. O. Moreland, apparently the cashier of the bank, who at that time asked plaintiff "to take for collection as attorney" the note of defendants to which the note sued on was collateral, and that it remained in his possession from about June 10, 1928. Apparently the assignment of the prin-

cipal note was to plaintiff's secretary, F. M. MacDole, for the purpose of collection. Asked as to when such secretary's name was placed on the note in question here, plaintiff replied: "Well, it was right at the time of the sale to Moreland. I have forgotten those dates. Q. That wasn't placed on there until there was an attempted sale made of this note? A. It wasn't placed on there until there was a sale made of the note. Q. You call it a sale, and I say an attempted sale. A. Well, I say a sale. Q. Then you don't know that date? A. Yes, I can get it. I have it in my file. . . . Q. When you say a sale, what do you mean, Mr. Clay? A. I mean that that note was advertised, together with other personal property, for sale; notice to the man who pledged it, Mr. Martin. Q. Where was it published, Mr. Clay; where was any notice of sale published? A. Well, I will have to look at the affidavit of the man that did it; I don't know. Q. You don't know? A. No, I don't know only his affidavit. Q. So when you say a sale was made it is a conclusion. You conclude everything was all correct. Mr. Trevor: Objected to as argument. The Court: Sustained. Mr. Pierson: Perhaps it is argument, but I wanted to show that this witness didn't know whether it was a sale or not, although he testified it was a sale. The Court: Well, he has testified to all the facts and I can determine what Mr. Clay may know about it. Q. Now Mr. Moreland has endorsed this as cashier of the Peoples National Bank, and he was cashier of the Peoples National Bank at that time. A. Yes, I know he was at that time. Q. Then later on endorsed it below the signature of F. M. MacDole? A. Yes, sir. Q. How did he happen to endorse it again? A. When he transferred it to me. Q. When he transferred it to you? A. Yes. Q. That was after the so called sale? The Court: That is when you paid the $5.00." (Mr. Clay in an offer to stipulate, which was apparently not accepted, had stated to the court that MacDole sold the note under the provisions of the collateral agreement to Moreland for $5.00.) "A. I didn't pay $5.00; I paid $500 for it. Q. You knew Mr. Moreland had only paid $5.00 for it? A. I did. Mr. Pierson: Oh, I think that is all. Mr. Trevor: We rest, your Honor. That is our case." The case was later reopened by plaintiff and the collateral agreement mentioned was introduced.

The defendant testified that the note to which the note sued on here was collateral was "paid, satisfied and discharged". It might be inferred from the evidence that suit was brought on the principal note, judgment rendered and satisfied, but just when all this was done is not clear from the record before us. The defendant testified: "I think it is about six months ago", but the evidence does not show closer than such guess, and "about six months" could be stretched without using any imagination to a period of time that might antedate the "sale" testified to by plaintiff, as that date was not fixed so that we can tell when it occurred, and presumably the trial court had the same trouble.

We have quoted liberally from the record to show that the court might well have concluded either that there was no sale by the bank, the real owner, or that any sale was after the satisfaction of the principal note; and as the note sued on came into the hands of plaintiff long after maturity, he would be charged with notice of any infirmity either in his title or in the note itself. Therefore we cannot say that the conclusion of the court in its third finding is not supported by the evidence, regardless of the statement by the trial judge as to the applicability of the pledge agreement introduced in evidence. The other findings questioned go merely to charge the plaintiff with knowledge of infirmities in the note, and plaintiff frankly stated in effect that he knew everything about it, so we do not see where he can complain, although the evidence clearly shows that it came into his possession long after maturity, and it would therefore seem to be immaterial whether or not the ninth finding is supported by the evidence.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.